# NITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **THOMAS WILLIAM FRALIX,** ) <br> ) <br> **Petitioner,** ) <br> ) <br> **v.** ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> **Respondent.** ) <br> ) | Civil Action Number <br> **5:20-cv-08004-AKK** |

## MEMORANDUM OPINION

The court sentenced Thomas William Fralix to 180 months in prison after he pleaded guilty to a single count of possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Doc. 1 at 1. Now before the court is Fralix's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See id.* Fralix's petition is due to be denied.

### I.

A grand jury charged Fralix with one count of violating § 922(g)(1), which prohibits those who have been convicted of crimes punishable by imprisonment for more than one year from knowingly possessing a firearm. Crim. doc. 1 at 1-2.[1] Specifically, the indictment alleged that Fralix had been previously convicted of five

---

[1] Crim. doc. refers to the documents in Fralix's underlying criminal case, *United States v. Thomas William Fralix*, case no. 5:18-cr-00379-AKK-JEO.

such crimes and then knowingly possessed a "Taurus .380 caliber pistol and a Titan .25 caliber pistol." *Id*. Fralix pleaded guilty to this charge, and his plea indicated a statutory maximum sentence of 120 months. Crim. doc. 9 at 1-2. The court informed him during the plea colloquy, however, that "[i]n the event the enhanced penalties under the Armed Career Criminal Act apply, then you are looking at a prison term of at least fifteen years." Crim. doc. 32 at 8-9. Fralix acknowledged that he understood this possibility. *Id*. at 9.

  The presentence investigation report determined that Fralix was, indeed, an "armed career criminal" under 18 U.S.C. § 924(e) based on three prior convictions for serious drug offenses, crim. doc. 21 at 10, and was thus subject to a minimum sentence of 180 months, *id*. at 33. Fralix's counsel objected, arguing that one of Fralix's prior convictions did not qualify as a serious drug offense. Crim. doc. 17 at 2-3. Counsel raised this objection again at sentencing, *see* crim. doc. 33 at 4-9, but the court overruled the objection, finding that Fralix had three qualifying felonies under the Armed Career Criminal Act and was therefore subject to a minimum sentence of 180 months, *see id*. at 9-12. Fralix appealed, *see* crim. doc. 25, but the Eleventh Circuit found that there were "no arguable issues of merit" and affirmed Fralix's conviction and sentence, crim doc. 36-1 at 1-2. Fralix then filed the instant § 2255 petition. *See* doc. 1.

Case 5:20-cv-08004-AKK   Document 6   Filed 12/10/21   Page 3 of 12

## II.

Section 2255 allows a federal prisoner to file a motion in the sentencing court "to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Generally, if a petitioner fails to raise an available challenge to a criminal conviction or sentence on direct appeal, he is procedurally barred from raising it in a subsequent § 2255 proceeding. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). A petitioner can avoid this procedural default bar if he can show either (1) cause for not raising the claim on direct appeal and actual prejudice, or (2) actual innocence of the crime. *Id*. at 1234-35. In addition, claims of ineffective assistance of counsel are not subject to procedural default and need not be raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). Ultimately, if it is clear from the motion and the relevant portions of the record that the petitioner is not entitled to relief under § 2255, the court may summarily dismiss the petition without ordering the United States to respond. *See* Rule 4, Rules Governing Section 2255 Proceedings (2019). *See also Wright v. United States*, 624 F.2d 557, 558 (5th Cir.1980)[2] (affirming district court's summary dismissal of § 2255 motion where record showed that petitioner was not entitled to relief).

---

[2] Fifth Circuit decisions issued before October 1, 1981, are binding precedent within the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

### III.

In his petition, Fralix argues that: (1) his conviction is invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because he "had no prior knowledge of 18 U.S.C. § 922(g)" and thus could not be guilty of violating it, doc. 1 at 4-5; and (2) his conviction and sentence under § 922(g) violate the Fifth Amendment's Due Process Clause, *id*. at 6. Fralix supplemented these arguments in a memorandum of law in support of his petition. *See* doc. 2. Fralix now contends that he is actually innocent under *Rehaif* "because he did not know his prohibited status, nor did he knowingly possess a firearm," *id*. at 2-7 (emphasis omitted), and that his counsel "was ineffective throughout the entire criminal proceeding" in violation of the Sixth Amendment, *id*. at 7. The court will address each argument in turn.

### A.

Fralix's ineffective assistance of counsel claim is not procedurally barred, *see Massaro*, 538 U.S. at 503-04, and is thus properly before the court. To succeed on an ineffective assistance claim, a petitioner must show that "(1) 'counsel's representation fell below an objective standard of reasonableness' and (2) that such failure prejudiced him in that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984)). "A habeas petitioner claiming

ineffective assistance of counsel must carry his burden on both *Strickland* prongs, and a court need not address both prongs if the defendant has made an insufficient showing on one." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014). Moreover, because conclusory allegations of ineffectiveness are insufficient, *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992), "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001).

Fralix first argues that his counsel failed to object to the government's "breach of the plea agreement" in seeking a 15-year term of imprisonment under the Armed Career Criminal Act. Doc. 2 at 7-9. However, even though Fralix's guilty plea indicated a statutory maximum of ten years in prison for the § 922(g) charge, the government did not violate the terms of the plea agreement by seeking the mandatory minimum fifteen-year sentence under the ACCA. *See, e.g., United States v. Anderson*, 723 F. App'x 833 (11th Cir. 2018) (affirming district court's application of ACCA sentencing enhancement, at the government's request, even though defendant only pleaded guilty to one count of violating § 922(g) which would otherwise carry a maximum sentence of ten years); *United States v. Johnson*, 515 F. App'x 844 (11th Cir. 2013) (same). The court informed Fralix during his plea that he faced this possibility and Fralix acknowledged he understood. Crim. doc. 32 at

8-9. And since the presentence report revealed Fralix's three prior qualifying convictions, the court had no discretion to sentence him below the ACCA's statutory minimum. *See United States v. Chaney*, 392 F. App'x 790, 794-95 (11th Cir. 2010). Fralix's counsel's performance was thus not defective due to a failure to object to this alleged breach of the plea agreement.

Moreover, counsel objected to the ACCA enhancement both in writing, *see* crim. doc. 17 at 2-3, and at Fralix's sentencing, *see* crim doc. 33 at 4-9. Fralix has not alleged that the quality of these objections "fell below an objective standard of reasonableness," and has also not shown any probability that he was prejudiced by his counsel's performance. *Strickland*, 466 U.S. at 687-88, 694. Thus, he is not entitled to relief.

Fralix also contends that his appellate counsel provided ineffective assistance by filing an *Anders* brief that incorrectly claimed there were no non-frivolous grounds for appeal. Doc. 2 at 9-11. But Fralix cannot satisfy *Strickland*'s prejudice prong because the Eleventh Circuit agreed with counsel, noting that "independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct." Crim. doc. 36-1 at 2. Thus, because the Circuit's "independent examination of the record reveal[ed] no arguable issues of merit," *id.*, Fralix cannot show that, but for his counsel's performance, the result of his appeal would have been different, *see Strickland*, 466 U.S. at 694, and his claim fails.

**B.**

The court next turns to Fralix's *Rehaif*-based claims for relief. Section 922(g) prohibits certain individuals, including those with previous felony convictions, from possessing firearms, and § 924(a)(2) provides that anyone who "knowingly violates" § 922(g) shall be fined or imprisoned for up to ten years. Prior to *Rehaif*, § 924(e)'s *mens rea* requirement applied only to a defendant's possession of a firearm.[3] In *Rehaif*, however, the Supreme Court held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status." 139 S. Ct. at 2194. Thus, to prove a violation of § 922(g) after *Rehaif*, the government "must show that the defendant knew he possessed a firearm and also knew he had the relevant status when he possessed it." *Id*. *See also United States v. Wilson*, No. 20-14576, 2021 WL 4470237, at *6 (11th Cir. Sept. 30, 2021) (citing *Rehaif*, 139 S. Ct. at 2194).

**1.**

Fralix contends that his conviction is invalid because he had no prior knowledge of § 922(g) and thus did not "knowingly" violate the statute. Doc. 1 at 4-5. Even assuming that Fralix could show cause and actual prejudice to avoid a procedural default bar as to this claim, *see Lynn*, 365 F.3d at 1234-35, "*Rehaif* did

---

[3] *See, e.g., United States v. Beckles*, 565 F.3d 832, 841 (11th Cir. 2009) (internal citation omitted) ("To establish a violation of 18 U.S.C. § 922(g)(1), the government must prove three elements: (1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce.").

7

not alter the longstanding principle that where a defendant has the requisite mental state in respect to the elements of the crime but claims to be unaware of the existence of a statute proscribing his conduct, such ignorance of the law (or a mistake of the law) is no excuse," *United States v. Paul*, 826 F. App'x 809, 813 n.2 (11th Cir. 2020) (citing *Rehaif*, 139 S. Ct. at 2198) (internal quotation marks omitted).[4]  Therefore, Fralix's alleged ignorance of § 922(g) does not form a basis for vacatur.

Fralix argues alternatively that since he was never "notified of his status as far as any restrictions to his [c]onstitutional [r]ights" due to his previous convictions, he could not have known his prohibited status and therefore could not have violated § 922(g)(1).  Doc. 2 at 3.  Again, even if this argument was not barred by Fralix's procedural default, "under *Rehaif*'s knowledge-of-status requirement, that a defendant does not recognize that he personally is prohibited from possessing a firearm under federal law is no defense if he knows he has a particular status and that status happens to be one prohibited by § 922(g) from possessing a firearm." *United States v. Johnson*, 981 F.3d 1171, 1189 (11th Cir. 2020).  Fralix is thus not entitled to relief based on this contention.

---

[4] *See also United States v. Monroe*, 233 F. App'x 879, 882 (11th Cir. 2007) (citing *Lambert v. California*, 355 U.S. 225, 228 (1957)) (noting that "an ignorance of the law defense is appropriate only when the defendant's conduct is wholly passive" and is thus not available to a defendant charged with actively possessing a firearm in violation of § 922(g)).

**2.**

Fralix also claims that he is actually innocent under *Rehaif*. An actual innocence claim is excepted from the procedural default bar. *See Lynn*, 365 F.3d at 1234-35. To show that he is entitled to relief, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Granda v. United States*, 990 F.3d 1272, 1292 (11th Cir. 2021) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In the context of his § 922(g) conviction, Fralix's actual innocence claim requires a showing that no reasonable juror would have found that he knowingly possessed the firearm, or, alternatively, that he knew of his previous felony convictions.

Fralix first argues that he did not knowingly possess the charged firearms. Doc. 2 at 3-7. Allegedly, the woman who was arrested with Fralix claimed ownership of the weapons, and "the most believable story is [that] this 'different woman' possessed these guns." *Id.* at 3-5. In the context of § 922(g), "possession" of a firearm includes constructive possession, which exists "when a defendant does not have actual possession but instead knowingly has the power or right, and intention to exercise dominion and control over the firearm." *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011). According to the undisputed facts in Fralix's plea agreement, one of the weapons was found wedged between the driver's seat and the center console of the vehicle Fralix was driving, crim. doc. 9 at 3, and a

9

reasonable juror could have concluded that the location of this gun showed Fralix's actual or constructive possession. He has thus failed to show that "it is more likely than not that no reasonable juror" would have found that he knowingly possessed a firearm, *Granda*, 990 F.3d at 1292, and his claim of actual innocence under § 922(g)'s knowing possession prong fails.[5]

Fralix also argues that he is actually innocent because he did not have knowledge of his prohibited status. Crim. doc. 2 at 2-3. In support, he contends that not all felonies satisfy the prohibited status element of § 922(g)(1), which applies to those who have "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." *Id*. According to Fralix, "[t]his means that the government can't just rely on the fact that a defendant knew that he was a felon, not when all felonies are not created equal, all felonies do not carry a penalty of imprisonment for a term exceeding a year." *Id*. at 3.

This argument rests on a misunderstanding of the statute. For a previous conviction to disqualify a person from gun possession under § 922(g)(1), it must

---

[5] To the extent Fralix challenges the sufficiency of the indictment and the voluntariness of his guilty plea as to the knowing possession element of the § 922(g) offense, *see* doc. 2 at 2-7, his claims also fail. Fralix's indictment specifically alleges that he "did knowingly possess . . . a firearm." Crim. doc. 1 at 2. And even before *Rehaif*, the government was required to prove knowing possession in order to secure a § 922(g) conviction. *See, e.g., Beckles*, 565 F.3d at 841. The court conveyed the government's burden of proof to Fralix during his change of plea hearing – "second, the government will have to show that after [a felony conviction], you were then in knowing possession of a firearm," – and Fralix confirmed to the court that he understood the government's burden as to this element. Crim. doc. 32 at 7-8.

10

only be "punishable" by more than one year in prison. This does not require a person to have actually been sentenced to – or to have served – a term of greater than one year in prison. Instead, § 922(g)(1) refers to crimes that carry a *possible* punishment of more than one year in prison. As such, that Fralix may not have served any prison sentence of more than one year does not preclude him from § 922(g)(1)'s prohibition on firearm possession. Indeed, Fralix's indictment lists five previous convictions for "crimes punishable by a term of imprisonment exceeding one year," crim. doc. 1 at 2, and his guilty plea notes that "[a]s set out in the indictment, Fralix has prior felony convictions," crim. doc. 9 at 3. The court explained the government's burden of proof in showing prior felony convictions during Fralix's change of plea hearing, and Fralix both confirmed his understanding of the government's burden and that the fact section of his plea agreement was accurate. Crim. doc. 32 at 7-12. Based on this evidence, Fralix has not shown that "it is more likely than not that no reasonable juror" would have found that he knew of his prohibited status, and he has thus not met his burden to show actual innocence as to this element. *Granda*, 990 F.3d at 1292.[6]

---

[6] Insofar as Fralix argues that the court must vacate his conviction under *Rehaif* because his indictment did not allege knowledge of his prohibited status and his guilty plea was therefore not knowingly and intelligently made, *see* doc. 2-7, his contention is unavailing. Fralix notes that "nowhere in [the plea agreement's fact] section does it state that the government was prepared to prove that the petitioner knew his prohibited status." *Id*. at 6 (emphasis omitted). But even where the government fails to specifically allege that a defendant knew of his prohibited status, multiple prior felony convictions provide sufficient circumstantial evidence to allow a reasonable jury to conclude that a defendant had the requisite knowledge of his status under *Rehaif*. *See United States*

## C.

The court turns finally to Fralix's argument that the court "erred by convicting and sentencing petitioner under § 922(g) in violation of the Fifth Amendment's Due Process Clause." Doc. 1 at 6. Fralix claims that § 922(g) violates the Fifth Amendment by failing to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Id*. This argument was available to Fralix on direct appeal, and he has not shown cause for why he failed to raise it. Fralix's Fifth Amendment claim for relief is thus procedurally defaulted in the present § 2255 proceeding. *See Lynn*, 365 F.3d at 1234-35.

## IV.

For these reasons, Fralix's motion to vacate, set aside, or correct his sentence under § 2255, doc. 1, is due to be denied in a separate order accompanying this memorandum opinion.

**DONE** the 10th day of December, 2021.

                                                    _____
                                                  **ABDUL K. KALLON**
                                      UNITED STATES DISTRICT JUDGE

---

*v. Innocent*, 977 F.3d 1077, 1082 (11th Circ. 2020) ("Had the issue been contested at trial, Innocent's four felony convictions would have provided the government powerful evidence that he knew he was a felon.").